IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Phillip Reeves,<br><br>　　　　Petitioner,<br><br>　v.<br><br>Director, Greenville County Detention Center,<br><br>　　　　Respondent. | C/A No. 0:22-4616-CMC<br><br><br>**Order** |

This matter is before the court on Petitioner's *pro se* petition filed on December 21, 2022. ECF No. 1.[1] Petitioner challenges his arrest and detention on state court charges, as well as the charges themselves. He seeks to be "released from predetention" and injunctive relief. *Id.* at 5.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 27, 2023, the Magistrate Judge issued a Report recommending this matter be dismissed. ECF No. 16. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Since the Report was entered, Petitioner has filed a "Motion to Dismiss for Prosecutorial Misconduct" (ECF No. 18), a "Motion to Made Addendums to Grounds 1-4" (ECF No. 22), objections to the Report (ECF No. 23), and a "Motion to add Ground Five 'Prejudice Inadequate Mailroom'" (ECF No. 25).

---

[1] This is Petitioner's second petition regarding his imprisonment on state charges. The previous case, C/A No. 0:22-2773, was summarily dismissed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his first filing after the Report, Petitioner complains about the solicitor in the state court action, the discovery in the criminal case against him, and claims a *Brady* violation. ECF No. 18. It appears Petitioner's motion to relieve counsel in state court was granted and he is now representing himself, but Petitioner states he does not have the resources at the detention center to do so. He contends the prosecutor has committed misconduct and requests this court (1) investigate and/or disbar the prosecutor; (2) issue a protective order and remove the prosecutor from Petitioner's state criminal case; (3) "acquit and absolve petitioner of the accused crimes against him"; (4) "dismiss and quash the accused crimes against petitioner"; or (6) "a de novo of petitioner's case to negotiate for redress." *Id.* at 9 (errors in original).

Petitioner's next filing, his motion to amend his Petition, "assert[s] cumulative evidence of the ample amount of prejudicial violations petitioner is incurring, where there is no adequate remedy in state laws and the Thirteenth Circuit is explicitly violating his vested state and federal rights." ECF No. 22 at 1. He alleges the witnesses against him in his criminal case were drunk and the officers failed to properly investigate and weigh such statements, instead arresting him at his private residence illegally. He details why he should not have been arrested or held by the state and why his charges should be dropped. The entire filing relates to his state criminal charges.

Petitioner's objections argue his pretrial detention is unconstitutional. ECF No. 23. He asserts he is being held unlawfully and he is unable to represent himself in the state criminal case because the facility lacks the tools for him to do so. He requests the court "grant relief on summary judgment for released from custody or shortened release." *Id.* at 2 (errors in original). Finally, a one-page motion to add an additional ground to his Petition notes the mail room is opening his legal mail outside of his presence, and seeks his release from the facility. ECF No. 25.

After conducting a *de novo* review of the record as to the objections made, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. This court cannot interfere with a state criminal proceeding unless Petitioner has no adequate remedy at law and will suffer irreparable injury if denied relief. *See Younger v. Harris*, 401 U.S. 37 (1971). Petitioner has failed to establish his complaints fall within the narrow exceptions to the *Younger* doctrine, as he may bring his claims in the state court – and appears to have raised some of these issues there. The court agrees abstention is appropriate here under the *Younger* doctrine. This court shall abstain from interfering with an ongoing state criminal action for claims such as the ones brought by Petitioner.

Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. Petitioner's motions (ECF Nos. 18, 22, 25) are denied as moot. This matter is dismissed without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 15, 2023